**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| DAN PENNINGTON <br> 47 Shirleys Way <br> Gilbertsville, Kentucky 42044 <br><br> **PLAINTIFF**, <br><br> v. <br><br> LEGNER ENERGY GROUP, LLC. <br> 340 N. Evergreen Road <br> Louisville, Kentucky 40243 <br><br> **SERVE:   MATTHEW LINVILLE** <br>          **340 N. Evergreen Road** <br>          **Louisville, Kentucky 40243** <br> and <br><br> J.Y. LEGNER ASSOCIATES, INC. <br> 340 N. Evergreen Road <br> Louisville, Kentucky 40243 <br><br> **SERVE:  MATTHEW LINVILLE** <br>         **340 N. Evergreen Road** <br>         **Louisville, Kentucky 40243** <br> and <br><br> JOSEPHINE LEGNER, in her individual capacity. <br> 340 N. Evergreen Road <br> Louisville, Kentucky 40243 <br><br> **SERVE:   JOSEPHINE LEGNER** <br>          **340 N. Evergreen Road** <br>          **Louisville, Kentucky 40243** <br> and <br><br> MATTHEW LINVILLE, in his individual capacity. <br> 340 N. Evergreen Road <br> Louisville, Kentucky 40243 | CIVIL ACTION NO.: <br><br> ___3:14-CV-591-H_____ |

1

SERVE:  **MATTHEW LINVILLE**            )
        **340 N. Evergreen Road**            )
        **Louisville, Kentucky 40243**            )
                                                                )
        **DEFENDANTS.**            )

## COMPLAINT AND JURY DEMAND

Comes the Plaintiff, Dan Pennington, by counsel, and for his Complaint for damages and Jury Demand against the above-named Defendants states as follows:

## PARTIES

1.      Plaintiff, Dan Pennington, is, and at all times pertinent was, a resident of Gilbertsville, Marshall County, Kentucky.

2.      Defendant, Legner Energy Group, LLC, is, and at all times pertinent was, a company incorporated pursuant to the laws of the state of Kentucky.  Legner Energy Group, LLC has a principal place of business located in Louisville, Jefferson County, Kentucky, and has a registered agent located in Louisville, Jefferson County, Kentucky.

3.      Defendant, J.Y. Legner Associates, Inc. is, and at all times pertinent was, a company incorporated pursuant to the laws of the state of Kentucky. J.Y. Legner Associates, Inc. has a principal place of business located in Louisville, Jefferson County, Kentucky, and has a registered agent located in Louisville, Jefferson County, Kentucky.

4.      Upon information and belief, Defendant Josephine Legner is, and at all times pertinent was, a resident of Louisville, Jefferson County, Kentucky.

5.      Upon information and belief, Defendant Matthew Linville is, and at all times pertinent was, a resident of Louisville, Jefferson County, Kentucky.

## JURISDICTION AND VENUE

6.     The United States District Court for the Western District of Kentucky has jurisdiction over claims set forth herein pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. section 2611 *et seq*.

7.     This Court has jurisdiction over claims set forth herein pursuant to the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12201 *et seq*.

8.     This Court has jurisdiction over claims set forth herein pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001 *et seq*.

9.     Jurisdiction of this Court is also invoked under 28 U.S.C. § 1367, which provides supplemental jurisdiction for Mr. Pennington's claims under Kentucky law. Mr. Pennington's state law claims arise from the same nucleus of operative facts as his federal claims.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as the Defendant's principal place of business is located at 340 North Evergreen Rd, Louisville, Kentucky.

## STATEMENT OF PERTINENT FACTS

11.     Plaintiff began working for Defendant Legner Energy Group and/or Defendant J.Y. Legner Associates (hereinafter together as "Legner") on or about October 26, 2010 as a General Superintendent.

12.     Defendant Legner paid one hundred percent (100%) of Plaintiff's health insurance premiums.

13.     On or around July 2013, Plaintiff was diagnosed with Hairy Cell Leukemia.

14.     On or around the end of July or early August 2013, Plaintiff immediately informed the President of Legner Energy Group, Defendant Josephine Legner, as well as Defendant Matthew Linville, the Chief Financial Officer, about his health condition. Plaintiff told Defendants that his diagnosis of cancer would require him to take some time off for chemotherapy.

15.     Plaintiff told both Defendant Josephine Legner (President of Defendant Legner) and Defendant Linville (CFO of Defendant Legner) that although he may need time off for treatment, his illness would not impact his ability to perform his job duties, which he had over 35 years of experience performing.

16.     When Plaintiff informed Defendants that he would need time off for treatment of his serious medical condition, Defendants told him to take as much time as he needed. Defendants never asked for any certification for his medical condition. When the Defendants were made aware that Plaintiff needed leave for a qualifying reason under the Family Medical and Leave Act, Defendants did not notify Plaintiff within five business days of his FMLA eligibility.

17.     Plaintiff was off work from on or around August 4, 2013 until September 9, 2013.

18.     On or around September 10, 2013, Defendant Matthew Linville called a meeting with Plaintiff and Defendant Josephine Legner.  Plaintiff was told during the meeting that he needed to "take care of his medical condition and spend time with his wife and grandson." Defendants informed Plaintiff they were going to reduce his responsibilities at the company and

he would receive a reduction in pay.  Defendants then discharged Plaintiff from his duties at the Ghent and Trimble Plants.

19.    During the meeting on or around September 10, 2013, Plaintiff was not terminated.  In fact, Plaintiff left the meeting and drove his company car home.

20.    On or around September 13, 2013 Plaintiff submitted his time sheet.  However, Plaintiff never received his base bi-weekly paycheck. Plaintiff contacted Defendant questioning why he did not receive a paycheck.

21.    On or around September 20, 2013, Defendants informed Plaintiff that his last two weeks pay would be given to him in the form of a severance package. Defendant Linville asked Plaintiff to return company property and also told him that he would not be entitled to his last two weeks of earned pay until he signed a severance agreement waiving his rights to seek legal action surrounding his employment and termination from Defendant Legner Energy Group.

22.    Plaintiff never received a paycheck past September 10, 2013. Therefore, Defendant Legner effectively terminated Plaintiff's employment on September 10, 2013.

23.    On or about October 21, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge Number 474-2014-00155, against Defendant Legner, alleging violations of the Age Discrimination in Employment Act and the Americans with Disabilities Act.

24.    Based upon a review of the Case Log maintained by the EEOC, Plaintiff's "Notice of Suit Rights" was mailed by Mr. William E. Synder, and investigator for the EEOC, on

May 28, 2014, from its Louisville area office, and was received by Plaintiff on or about May 31, 2014. A copy of Plaintiff's "Notice of Suit Rights" is attached hereto as Exhibit 1.

## COUNT I - INTERFERENCE WITH RIGHTS IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. SECTION 2601 *et seq.*

25.     Plaintiff realleges each and every allegation set forth in paragraphs one through twenty-four of the Complaint as if fully set forth herein.

26.     Plaintiff is an "eligible employee" under the FMLA.

27.     Defendant Legner is a "covered employer" within the meaning of the FMLA.

28.     Plaintiff was diagnosed with Hairy Cell Leukemia on or around the end of July 2013 and was entitled to FMLA leave.

29.     Plaintiff suffered from a serious health condition and was entitled to FMLA leave.

30.     Plaintiff gave notice of his intent to take medical leave when he contacted the Defendant Linville and Defendant Josephine Legner and explained his need for leave for treatment of his serious medical condition.

31.     Defendant Linville and Defendant Josephine Legner acknowledged Plaintiff's need for medical leave when Plaintiff was told to "take as much time as he needed" for his medical treatment.

32.     Defendant Legner failed to give Plaintiff written or oral notice of his eligibility for FMLA leave within five days of Plaintiff notifying Defendants of his qualifying serious medical condition, as required under 29 CFR §§ 825.300, 825.301.

33.     Defendant Legner's failure to comply with the FMLA notice requirements interfered with Plaintiff's statutory rights.

34.     Plaintiff suffered an adverse employment action when he was terminated upon return from leave on or about September 10, 2013.

35.     As a direct and proximate result of the Defendant Legner's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, and other non-pecuniary losses.

36.     Defendant Legner's conduct in interfering with the rights of the Plaintiff was an intentional violation of the FMLA.  Accordingly, an award of liquidated damages against the Defendant is warranted under the FMLA.

## COUNT II - RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, PARTICULARLY 29 U.S.C. SECTION 2615; SINGLE-MOTIVE OR ALTERNATIVELY, MIXED-MOTIVE

37.     Plaintiff realleges each and every allegation set forth herein in paragraphs one through thirty-six of the Complaint as if fully set forth herein.

38.     Plaintiff availed himself of a protected right under the FMLA when he informed Defendant on or around August 2013 that he had been diagnosed with Hairy Cell Leukemia and needed to seek chemotherapy for treatment. Defendant acknowledged Plaintiff's need for medical leave when they told him to take as much time as he needed.

39.     Plaintiff suffered an adverse employment action when he was terminated upon return from leave on or about September 10, 2013.

40.     Although Plaintiff had followed Defendant Legner's company policy and notified the company of his need for FMLA-qualifying leave, Defendant Legner terminated Plaintiff's employment. Plaintiff complied with the Defendant's policy regarding FMLA-qualifying leave when he notified Defendant of his serious medical condition and his need to be off.  Plaintiff gave as much notice as possible, in compliance with company policy. Defendant did not ask for

any certification when Plaintiff asked for medical leave, and Plaintiff was told by Defendant to take as much leave as was necessary.

41.     Plaintiff's FMLA-qualifying leave was a motivating factor in defendant's decision to terminate Plaintiff.

42.     As a direct and proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future lost wages and benefits, and other damages.

43.     Defendant's conduct in retaliating against the Plaintiff was an intentional violation of the FMLA.  Accordingly, an award of liquidated damages against Defendant is warranted under the FMLA.

## COUNT III - VIOLATION OF AMERICANS WITH DISABILITIES ACT AND THE KENTUCKY CIVIL RIGHTS ACT

44.     Plaintiff realleges each and every allegation set forth herein in paragraphs one through forty-three of the Complaint as if fully set forth herein.

45.     Plaintiff is a "qualified individual with a disability" within the context of the ADA and the Kentucky Civil Rights Act (hereinafter "KCRA") as: (1) Plaintiff is an individual with a disability; (2) Plaintiff was perceived and/or regarded by the Defendant as an individual with a disability with limitations on his ability to effectively perform his job duties for the Defendant; and (3) Plaintiff, either with or without reasonable accommodations, is qualified and capable of performing the essential functions of the job which the Plaintiff performed without incident since the date of hire.

46.     The actions by Defendant Legner as alleged above constitute unlawful discriminatory employment practices and evidence retaliation in violation of the ADA and KCRA.  All conduct alleged above occurred during a legally cognizable time period at Legner

Energy under the ADA and KCRA.  These practices include but are not limited to: (1) Defendant Legner terminated Plaintiff immediately upon his return from receiving treatment for his disability (Hairy Cell Leukemia); and (2) Plaintiff was told to go spend time with his family and take care of his illness.

47.     As a direct and proximate result of Defendant Legner's willful, knowing and intentional discrimination, retaliation and termination of Plaintiff, he has suffered and will continue to suffer pain, humiliation, extreme and severe mental anguish and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

48.     Further, as a direct and proximate result of Defendant Legner's violation the ADA and the KCRA, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce his rights as established by federal and state law concerning the terms and conditions of his employment relationship with Legner Energy and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

49.     Defendant Legner's employment practices as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

## COUNT IV- INTERFERENCE WITH RIGHTS IN VIOLATION OF THE EMPLOYEE RETIREMENT INCOME ACT, 29 U.S.C. SECTION 1001 *et seq.*

50.     Plaintiff realleges each and every allegation set forth in paragraphs one through forty-nine of the Complaint as if fully set forth herein.

51.     Upon information and belief, Plaintiff was a participant in a health insurance plan offered by the Defendant Legner, which is covered by ERISA.

52.     Defendant Legner paid one hundred percent of Plaintiff's health insurance premiums.

53.     Defendant Legner, Defendant Linville, and Defendant Josephine Legner subjected Plaintiff to an adverse employment action when they terminated Plaintiff's employment in order to avoid Plaintiff receiving future benefits and increases in premiums from the above mentioned policies associated with Plaintiff's treatment for Hairy Cell Leukemia.

54.     Plaintiff was likely to receive future benefits from the above policies, as he was continuing treatment for his diagnosis of Hairy Cell Leukemia at the time of his termination.

55.     As a direct and proximate result of the Defendants' interference with Plaintiff's rights under ERISA, Plaintiff was denied benefits due him under one of more of the covered health plans in which he participated, and was also denied future benefits to which he would have been entitled under these plans.

## COUNT V- RETALIATION IN VIOLATION OF THE EMPLOYEE RETIREMENT INCOME ACT (ERISA), 29 U.S.C. SECTION 1001 *et seq.*

56.     Plaintiff realleges each and every allegation set forth in paragraphs one through fifty-five of the Complaint as if fully set forth herein.

57.     Plaintiff participated in a statutorily protected activity when he made reasonable claims through his medical insurance provider for payment of treatments for his diagnosis of Hairy Cell Leukemia.

58.     Defendant Legner, Defendant Linville, and Defendant Josephine Legner took an adverse employment action against Plaintiff when they terminated his employment on September 13, 2013.

59.     As a direct and proximate result of the Defendants' retaliation against Plaintiff for exercising his right to benefits under ERISA, Plaintiff was denied benefits due him under one or more of the covered health plans in which he participated, and was also denied future benefits to which he would have been entitled under these plans.

## COUNT VI - DEFAMATION

60.     Plaintiff realleges each and every allegation set forth in paragraphs one through fifty-nine of the Complaint as if fully set forth herein.

61.     Prior to the actions complained of here, Plaintiff was esteemed and reputed to be a person of good name and reputation by reason of which Plaintiff had the respect, good will, esteem and confidence of co-workers, his employer, and acquaintances and colleagues in the mechanical engineering industry.

62.     Based on information and belief, Defendant told Plaintiff's co-workers, potential employers, and/or other colleagues in the mechanical engineering industry false accusations including but not limited to:   (1) Plaintiff was unable to work due to his illness; (2) false allegations regarding personal family matters that negatively affected Plaintiff's reputation; and (3) falsely stated that Plaintiff was drinking while on the job.

63.     Based on information and belief, Defendant told Plaintiff's co-workers, potential employers, and/or other colleagues in the mechanical engineering industry that Plaintiff misused company property when in fact Plaintiff himself leased the property and was not involved in any criminal actions taken on that property.

64.     Upon information and belief, Defendant caused Plaintiff to be falsely considered as incompetent and dishonest by general dissemination of information about Plaintiff to individuals who had no need or justification to have knowledge of the allegations that were false.

65.     Defendant's statements constituted false and defamatory communications.

66.     Defendant, as described above, knew the statements were false and defamatory, or acted in reckless disregard of these matters, or acted negligently in failing to ascertain them.

67.     As a direct and proximate result of the aforesaid acts by Defendant, Plaintiff has suffered and will continue to suffer, lost wages, damages to his personal dignity, mental anguish, embarrassment and humiliation, and other compensable injuries, including, but not limited to economic injury with the loss of employment.

68.     Plaintiff is entitled to punitive damages for Defendant's conduct because Defendant acted maliciously, oppressively and with actual knowledge of falsity of the defamatory statements or with reckless disregard for the truth.

## COUNT VII—VIOLATION OF KRS 337.055

69.     Plaintiff reasserts each and every allegation set forth in paragraphs one through sixty-eight of the Complaint as if fully set forth herein.

70.     Plaintiff was entitled to receive his full compensation including all wages, earned incentives, and commissions from Defendant Legner pursuant to KRS 337.055.

71.     Even after Plaintiff inquired as to why he did not receive his last two weeks pay and demanded to be paid his full compensation, Defendant Legner failed to pay Plaintiff his earned wages in violation of KRS 337.055.

72.     Defendant Legner withheld Plaintiff's earned wages in violation of KRS 337.055 and offered only to pay them to Plaintiff if he agreed to sign a Severance Agreement with Defendant Legner.

73.     Defendant's failure to pay Plaintiff was not based on any reasonable good faith act or omission but was done in a willful and wanton manner to cause hardship to the Plaintiff.

74.     As a direct and proximate result of Defendant Legner's failure to promptly pay Plaintiff his earned compensation in the form of wages, incentives, or commissions, Plaintiff has suffered a substantial monetary damage in the amount of all wages due and owed him by Defendant Legner, for an additional equal amount as liquidated damages, for all costs incurred herein, and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

1.  Judgment against the Defendant for its violation of the FMLA and for retaliation in an amount sufficient to fully compensate the Plaintiff for his lost wages and benefits, and all other actual damages sustained by the Plaintiff for his lost wages and benefits, and all other actual damages sustained by the Plaintiff as a direct and proximate result of Defendant's violation of FMLA and Defendant's acts of retaliation;

2.  An award of "liquidated damages" pursuant to the Family Medical Leave Act;

3.  Judgment against the Defendant for its violation of the ADA and for retaliation in an amount sufficient to fully compensate the Plaintiff for his lost wages and benefits, and all other actual damages sustained by the Plaintiff for his lost wages and benefits, and all other actual damages sustained by the Plaintiff as a direct and proximate result of Defendant's violation of ADA and Defendant's acts of retaliation;

4.  Judgment against the Defendant for its violations of ERISA in an amount sufficient to fully compensate the Plaintiff for the past and future benefits that were denied him as a direct and proximate result of Defendant's violation of ERISA and Defendant's acts of retaliation;

5.  Punitive damages against Defendant for its defamatory statements in an amount sufficient to fully compensate the Plaintiff;

6.  For the full amount of wages and compensation due to Plaintiff and for an additional equal amount as liquidated damages pursuant to KRS 337.385;

7.  For his costs expended herein;

8.  For his reasonable attorney's fees as provided for by statute;

9.  For a trial by jury;

10. For pre-judgment and post-judgment interest at the prevailing legal rate;

11. For any and all other relief that he may be entitled to under the law.


Respectfully submitted,


/s/ Rheanne Dodson Falkner

Rheanne Dodson Falkner

**MILLER & FALKNER**

Waterfront Plaza, Suite 2104

325 West Main Street

Louisville, KY 40202

(502) 583-2300

(502) 583-2323 (fax)

COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2014 I electronically served the foregoing with the Clerk of the Court using the CM/ECF system upon:


Lira A.  Johnson
Wayne F. Wilson
Dinsmore & Shohl, LLP.
101 South Fifth Street
Suite 2500
Louisville, Kentucky 40202
COUNSEL FOR DEFENDANT


/s/ Rheanne Dodson Falkner
Rheanne Dodson Falkner